**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1412**

CP #1109, LLC, and; MARTIN E. O'BOYLE,

       Plaintiffs - Appellants,

     v.

CONTINENTAL MOTORS, INC., and; CONTINENTAL MOTORS SERVICES, INC.,

       Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:17-cv-03036)

Submitted:  October 31, 2018            Decided:  November 13, 2018

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Christopher J. Prezioso, DINSMORE & SHOHL, LLP, Lewisburg, West Virginia, for Appellants. Robert C. James, Wheeling, West Virginia, Mitchell B. Tuggle, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

CP #1109, LLC and Martin E. O'Boyle appeal the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(2) motion to dismiss this action for want of personal jurisdiction. We have reviewed the record and find no reversible error. Accordingly, we deny the motion for oral argument and affirm for the reasons stated by the district court. *CP #1109, LLC v. Cont'l Motors, Inc.*, No. 5:17-cv-03036 (S.D.W. Va. Mar. 13, 2018).[*] The court's dismissal, however, should have been without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (explaining that when a court "lacks jurisdiction [it] has no power to adjudicate and dispose of a claim on the merits"); *see also Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) ("[U]pon a determination that personal jurisdiction is lacking, a court should not dismiss a case on the merits."). We therefore modify the district court's order to reflect that the dismissal of the complaint is without prejudice, and affirm the dismissal as modified. *See* 28 U.S.C. § 2106; *MM ex rel. DM v. Sch. Dist. of Greenville Cty.*, 303 F.3d 523, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").

---

[*] We reject Appellants' assertion that the district court should have permitted jurisdictional discovery. Appellants had sufficient time to take discovery, and the relevant documents before the district court contained no specific facts that might have established that Appellees had the requisite minimum contacts with West Virginia. *See Mylan Labs., Inc. v. Azko, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). Accordingly, we conclude that the court's failure to order jurisdictional discovery was not an abuse of discretion.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*